GARRETT AMERMAN AND RODNEY W. YOUNGLOVE, AS OVERSEERS OF THE POOR OF THE TOWN OF WOLCOTT, APPELLANTS, v. CLARA KALL, RESPONDENT.

*Evidence — in civil actions for penalties — the act of an agent is prima facie that of the principal — as to whether this rule holds in criminal cases.*

In an action to recover a penalty, under the excise law, for a sale of liquor without a license, proof of a sale by an agent in the shop of the principal, is *prima facie* evidence of a sale by the principal, and is sufficient to sustain a recovery.

*Quære*, as to whether such evidence would be sufficient to sustain an indictment for violating the excise laws.

APPEAL from a judgment of nonsuit rendered by the Wayne County Court.

*William Roe*, for the appellants.

*Wood & Walker*, for the respondent.

SMITH, P. J.:

The action was brought by the plaintiffs as overseers of the poor of the town of Wolcott, to recover penalties for selling intoxicating

liquors without a license. The defendant is the wife of Charles Kall. The evidence tended to show that the liquors were sold and drunk in a building leased to the defendant, in which a saloon was kept, having a bar at which the liquors were sold and dealt out to customers by the drink, and that the business of the saloon was carried on by the husband as the agent of his wife, and the sales of liquor were made partly by him as such agent, and partly by a clerk.

The evidence was enough, *prima facie*, to charge the defendant. Although the action is for a penalty it is a civil and not a criminal action, and for its purpose a sale by an agent in the shop of his principal, or by a servant in the shop of his master, is *prima facie* a sale by the principal or master. We so held in a similar case against this same defendant in January last. (MS. opinion by BARKER, J.; see, also, *State* v. *Wentworth*, 65 Me., 234; *Commonwealth* v. *Nichols*, 10 Metc., 259; *State* v. *Brown*, 31 Me., 520; *Commonwealth* v. *Morgan*, 107 Mass., 199; *Smith* v. *Reynolds*, 8 Hun, 128.)

The question whether such evidence would be sufficient to sustain an indictment for violating the excise law is not before us and we do not pass upon it. (See *Riley* v. *State*, 43 Miss., 397, 414.)

Aside from this we think there was evidence tending to show that the defendant was cognizant of the unlawful traffic carried on by her husband and authorized the same, which should have been submitted to the jury as the plaintiffs requested.

The judgment should be reversed and a new trial ordered in the Wayne County Court, costs to abide event.

BARKER, HAIGHT and BRADLEY, JJ., concurred.

So ordered.